UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARY HERNANDEZ | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO.  5:17-CV-596 |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
NOTICE OF REMOVAL**

Defendant, Allstate Insurance Company ("Allstate"), hereby removes this lawsuit which is currently pending in the District Court of the 45th Judicial District of Bexar County, Texas, Cause No. 201-CI-09425, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds of diversity of citizenship and amount in controversy, and respectfully shows the Court as follows:

**I.**

**BACKGROUND**

1.     On May 23, 2017, Plaintiff filed her Original Petition styled *Mary Hernandez v. Allstate Insurance Company,* in the District Court of the 45th Judicial District of Bexar County, Texas, Cause No. 2017-CI-09425, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy.  *See* Exhibit A (Original Petition).

2.     Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on June 5, 2017, by certified mail on its registered agent. *See* Exhibit B.

3.     Plaintiff asserts causes of action for negligence, breach of contract, violations of the Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of common

law duty of good faith. *Id., generally.* Plaintiff affirmatively pleads for damages "in excess of $200,000 but less than $1,000,000." *Id.* at ¶ 60.

4.      Defendant filed its answer to the suit on June 26, 2017, generally denying all claims. *See* Exhibit C (Original Answer).

5.      The State Court's Record Search including Case History for this matter is attached herein. *See* Exhibit D.

## II.
### GROUNDS FOR REMOVAL

6.      This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal.  Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A.  Parties are Diverse

7.      Plaintiff, Mary Hernandez, is a natural person who resides in San Antonio, Bexar County, Texas. *See Plaintiff's Original Petition,* Exhibit B, ¶ 2.  Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

8.      Defendant, Allstate Insurance Company, is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

9.      Defendant asserts that Allstate Insurance Company has been misnamed and/or improperly named as Defendant in this action. The entity that issued Plaintiff's homeowner's policy made subject of this case, and who is the only proper Defendant, is Allstate Texas

Lloyd's. *See* Exhibit D (Certified Policy). Allstate Texas Lloyd's is an unincorporated association of individual underwriters. There are ten underwriters of Allstate Texas Lloyds, all of whom are residents and citizens of the State of Illinois. Citizenship of an unincorporated association is determined by the citizenship of its members. 28 U.S.C. § 1332(a). For the purposes of determining citizenship of a Lloyd's organization, the court looks to the citizenship of the Lloyd's members. *See Massey v. State Farm Lloyds Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Tex., Galveston Div. 1998). Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois. *See id.*

### B. Amount in Controversy

10.    The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).    The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

11.    Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, under "Damages", Plaintiff's petition states:

> 60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

*Plaintiff's Petition,* Exhibit B, ¶ 60. *See also, Id.* at ¶ 1 (stating "Plaintiff seeks monetary relief of over $100,000.00" in regards to discovery level).

12.    Based on the foregoing, the amount in controversy exceeds $75,000.00.

## III.
## REMOVAL IS PROCEDURALLY PROPER

13.    This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

14.    Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

15.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

16.    Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

WHEREFORE, Defendant Allstate Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO**

By: */s/ Robert E. Valdez*
    **Robert E. Valdez**
    State Bar No.20428100
    revaldez@valdeztrevino.com
    **Elena P. Serna**
    State Bar No. 24072335
    eserna@valdeztrevino.com

Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

***Attorneys for Defendant Allstate Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on July 27, 2017, in the manners prescribed below:

James M. McClenny                                  *Via Facsimile: (713) 322-5953*
J. Zachary Moseley
Chidi Oha
MCCLENNY MOSELEY & ASSOCIATES, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
*Counsel for Plaintiff Mary Hernandez*

                                                   /s/ Robert E. Valdez
                                                   **Robert E. Valdez**